### (April 23, 1964)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. SAMUEL HAWKINS, Respondent, v. WARDEN OF THE NEW YORK CITY DETENTION CENTER FOR MEN et al., Appellants.— Order, entered on February 10, 1964, unanimously reversed, on the law, without costs, the petition dismissed and relator remanded to the custody of the Warden of the New York City Detention Center for Men. (See *People ex rel. Harris* v. *Lindsay,* 21 A D 2d 102.) Settle order on notice. Concur — Breitel, J. P., McNally, Eager, Steuer and Staley, JJ.

■ ELIZA DARLING, Respondent, v. LEO F. FLAMM, Doing Business as HERBERT KAM CO., Sued herein as KAMCO COMPANY, Appellant.— Orders, entered on August 8, 1963 and September 6, 1963, unanimously affirmed, with $20 costs and disbursements to the plaintiff-respondent. The corporation, Herbert Kam Co., Inc., now brought in by said orders as a party defendant, was the lessee of the premises where the plaintiff fell and was the party intended to be named as the defendant herein. On the other hand, Leo F. Flamm, an individual, allegedly doing business as Kamco Company, originally named as the sole defendant herein, never had any connection with Herbert Kam Co., Inc., or with the premises and was an entire stranger to the matters alleged in the complaint. The attorney appearing and answering in the action had no authority to appear for said Leo F. Flamm as the defendant herein and did not intend to appear for him. Admittedly, as it appears from the affidavit of an associate of the attorney appearing for the defendant, it was the intent of such attorney to "interpose an appearance on behalf of the lessee of the store located at 230 Fifth Avenue where in fact the summons had been served." Unquestionably, as aforenoted, such lessee was Herbert Kam Co., Inc., and, in fact, in the answer served herein, it is admitted "that Herbert Kam Co. sued herein as Kamco Company, was and still is a lessee of one of the stores located in the aforesaid premises." In interposing the answer, the said attorney had authority to appear for said lessee and was in fact appearing for it. Since it appears from the record here that the corporation, Herbert Kam Co., Inc., was fully apprised that it was the party intended to be sued and that an appearance and answer was interposed herein by its attorney, it may be considered as having been before the court as a party to the action, from the time of such appearance and answer, with the same effect as if originally named as a defendant. Consequently, it is not aggrieved by the orders which now formally name it as a party defendant, and, the defense of the Statute of Limitations not having been available to it at time of such appearance and answer, the orders below properly barred it from now pleading and proving such defense. Concur — Breitel, J. P., McNally, Eager, Steuer and Staley, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH STRACCI, Appellant.— Order entered on September 12, 1961 denying defendant's application for a writ of error *coram nobis* unanimously affirmed. (See *People* v. *Kling,* 19 A D 2d 750, affd. 14 N Y 2d 571, mot. for rearg. den. 14 N Y 2d 689.) Concur — Botein, P. J., Valente, Stevens, Eager and Staley, JJ.